# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| Sheila Muhammad | CASE NO.: 23-10334-mdc |
| Debtors | |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(A) AND CO-DEBTOR STAY PROVISION OF 11 U.S.C. § 1301 AND PROSPECTIVE IN REM STAY RELIEF PURSUANT TO 11 U.S.C. §362(d)(4) AND RESOLVING OBJECTION TO MOTION TO EXTEND STAY**

It is hereby stipulated by and between Angela C. Pattison, Esquire, of Hill Wallack, LLP, counsel for U.S. Bank Trust National Associations, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust ("Secured Creditor"), and Michael D. Sayles, Esquire, counsel for the Debtor, that the pending stay litigation shall hereby be resolved as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code is hereby extended and will remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The Stipulation pertains to the property located at 7109 Phoebe Pl, Philadelphia, PA 19153 (the "Property").

3. Debtor shall tender monthly Trustee payments sufficient to complete the plan as proposed to the Standing Chapter13 Trustee in a timely manner.

4. Effective immediately, the Debtor shall assume full responsibility for the payment of real estate taxes, municipal charges and/or insurance costs relative to the subject real property.

5. In the event that the instant bankruptcy case is dismissed for any reason, the Court shall retain jurisdiction to enter an order granting the Secured Creditor prospective in rem stay relief that is effective immediately upon dismissal of this case.

6. In the event that the Debtor fails to remit any Trustee payment within 30 days from the date said payment is due, the Secured Creditor shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within fifteen (15) days of the date of the Notice, the Secured Creditor may apply to this Court for the entry of an order providing relief from the automatic stay and prospective in rem relief. Said application should be in the form of a Certification of Default to be filed with the Court on 14 days' Notice to the Debtor, Debtor's Counsel and the Standing Chapter 13 Trustee.

7. In the event that Debtor fails to maintain the real estate taxes, municipal charges and/or insurance costs associated with the subject real property, the Secured Creditor may advance said sums and apply to the Court for the entry of an Order vacating the automatic stay and providing for prospective in rem stay relief as to the subject real property. Said application shall be in the form of a Certification of Default to be filed with the Court on 14 days' Notice to the Debtor, Debtor's Counsel and the Standing Chapter 13 Trustee.

8. The Parties hereby preserve their rights to litigate the cramdown that has been proposed in Debtor's plan and the objection filed thereto by the Secured Creditor.

9. The Debtor shall reimburse the Secured Creditor's attorney fees associated with the Response to Motion to Extend the Stay ($550) and the Motion for In Rem Stay Relief ($1238), in the total amount of $1,788, which sum shall be payable through the Debtor's Chapter 13 plan.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. The parties agree that a facsimile signature shall be considered an original signature.

*/s/Angela C. Pattison, Esq.*
Angela C. Pattison, Esquire
Counsel for Secured Creditor


/s/Michael D. Sayles
Michael D. Sayles, Esquire
Counsel for Debtor


NO OBJECTION – WITHOUT REJUDICE TO ANY TRUSTEE RIGHTS OR REMEDIES

/s/  LeeAne O. Huggins
Kenneth E. West,
Chapter 13 Trustee