**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(PHILADELPHIA)**

| | |
|---|---|
| IN RE:<br>**SHEILA MUHAMMAD**<br>    Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST**<br>    Movant<br>v.<br><br>**SHEILA MUHAMMAD**<br>    Respondent | CHAPTER 13<br><br>CASE NO.: 23-10334-mdc<br><br>HEARING DATE: 10/26/2023<br><br>HEARING TIME: 9:30am<br><br>LOCATION: Courtroom #2 |

**OBJECTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRSUTEE OF LSF9 MASTER PARTICIPATION TRUST TO THE CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 13 PLAN**

Movant, U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust ("Movant"), by and through its attorneys Hill Wallack LLP, hereby objects to the confirmation of the Debtors' Chapter 13 Plan ("Plan") as follows:

1.  U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust is the holder of a Note and Mortgage on real property owned by Sheila Muhammad ("Debtor") at 7109 Phoebe Pl, Philadelphia, PA 19153 (the "Property").

2.  On or about June 16, 1999, Russell Horne and Edythe D. Horne ("Borrowers") executed and delivered to Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Co of Pennsylvania, a Promissory Note ("Promissory Note") in the principal amount of $64,000.00.

3.  To secure the obligations under the Promissory Note, Borrowers Russell Horne and Edythe D. Horne granted Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Co of Pennsylvania, a Promissory Note (the "Mortgage") on the Mortgaged Premises, all of the terms of which

are incorporated herein by reference as if fully set forth at length, which Mortgage was thereafter recorded in the Philadelphia County Recorder of Deeds Office on June 18, 1999 in Book 2053 at Page 53. The objecting creditor is the current holder of the Mortgage by virtue of an Assignment of Mortgage.

4. The obligors passed away, leaving the subject real property to the Debtor, Sheila Muhammad, which transaction was memorialized by Deed recorded October 4, 2012 in Instrument No. 52543455.

5. Since taking ownership of the subject real property, the Debtor has filed a series of bankruptcy proceedings designed to forestall the Movant's ability to foreclose. Debtor's history of filing abusive bankruptcy proceedings is the subject of the *Motion for Prospective In Rem Relief* previously lodged by the objecting creditor.

6. On or about February 5, 2023, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court in the instant case, which is her fifth such proceeding designed to forestall collection of the objecting creditor's mortgage lien.

7. The Debtor owes arrears in the amount of $142,760.44 per the Proof of Claim filed on April 14, 2023 Claim #10-1, inclusive of escrow advances in the amount of $78,159.91 made from August 28, 2014 to the petition date. The total claim asserted by the objecting creditor is in the amount of $203,812.60.

8. Debtor's plan is unconfirmable because it seeks to modify a mortgage claim that is secured solely by the Debtor's primary residence in violation of 11 U.S.C. §1322(b)(2).

9. Debtor's plan also fails to provide for the repayment of the full value of Movant's secured claim in as much as Debtor proposes to cram said claim down to an grossly understated value of only $35,812.27. The basis for Debtor's valuation has not been identified or substantiated with any competent evidence. Strict proof of Debtor's valuation and/or a judicial determination as to value is demanded.

10. The objecting Secured Creditor asserts that its secured claim is not subject to modification because the actual value of the subject property will exceed the total amount due. Movant hereby reserves its right to conduct an interior appraisal of the subject real property and supplement this objection with the same.

11. To the extent that Debtor's plan proposes to pay less than one quarter the value of the subject real property at issue, said plan lacks good faith pursuant to 11 U.SC. §1325(a)(3).

12. Debtor's proposed plan fails to provide for repayment at the appropriate rate of interest as is required by the precedent set forth within Till v. SCS Credit Corp, 541 U.S. 465 (2004), and must not be confirmed pursuant to 11 U.S.C. §§1325(a)(1)and(3).

13. Pursuant to Debtor's budgeting on Schedule J, her current monthly net income is $200.00, which sum is inadequate for Debtors to increase Trustee payments to fund any plan to repay arrears to Movant and/or pay the debt at issue in full over the life of the plan. Debtor's income is similarly insufficient to fund the meager payout proposed. As such, confirmation should be denied pursuant to 11 U.S.C. §1325(a)(6) because the plan is infeasible on its own face.

14. Accordingly, the Plan as proposed does not provide for Movant's claim, and therefore, the Plan is not confirmable as the Debtor's options are to either provide for payment pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) or surrender pursuant to 11 U.S.C. §1325(a)(5)(C). The Plan does neither, and therefore, the Plan does not satisfy the confirmation requirement of 11 U.S.C. §1325(a)(1).

15. The lack of feasibility for Debtors proposed plan was demonstrated by Debtor's failure to remit ongoing mortgage payments in a recently dismissed Chapter 13 proceeding docketed as case 20-13931-mdc.

16. Debtor's inability to repay the Morgagee is evident from the fact that she continues to fail to remit nominal Trustee payments and/or maintain the subject real property.

17. She has also failed to take over the responsibilities of paying the taxes and insurance for the subject real property, which creates risk for the creditor and the Trustee's administration of this case.

18. If the Plan is confirmed, the Movant may suffer irreparable injury, loss, and damage.

WHEREFORE, U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust , respectfully requests that this Honorable Court deny confirmation of the Debtors' Chapter 13 Plan and enter a bar on any further filings under Chapter 13 by the Debtor.

Respectfully submitted,

*/s/ Angela C. Pattison, Esquire*
Angela C. Pattision, Esq.,
Hill Wallack LLP
1415 Route 70 East, Suite 309
Cherry Hill, NJ 08034
856-616-8086
apattison@hillwallack.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**SHEILA MUHAMMAD**<br>    Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST**<br>    Movant<br>v.<br><br>**SHEILA MUHAMMAD**<br>    Respondent | CHAPTER 13<br><br>CASE NO.: 23-10334-mdc<br><br>HEARING DATE: 10/26/2023<br><br>HEARING TIME:  9:30am<br><br>LOCATION: Courtroom #2 |

## ORDER

**AND NOW,** this         day of                                , 2023, upon consideration of the Debtors' Chapter 13 Plan, and the objection of U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust, and after hearing, it is hereby:

**ORDERED** that confirmation of the Debtor's Amended Chapter 13 Plan is denied.

              **BY THE COURT:**

              _____
              **MAGDELINE D. COLEMAN**
              **U.S. Bankruptcy Chief Judge**

| | |
|---|---|
| **Sheila Muhammad**<br>7109 Phoebe Place<br>Philadelphia, PA 19153<br>**Debtor**<br>**VIA REGULAR MAIL** | **Kenneth E. West**<br>Office of the Chapter 13 Standing Trustee<br>1234 Market Street – Suite 1813<br>Philadelphia, PA 19107<br>**Chapter 13 Trustee**<br>**VIA ECF** |
| **Michael D. Sayles**<br>Sayles and Associates<br>427 West Cheltenham Avenue, Suite #2<br>Elkins Park, PA 19027-3201<br>**Counsel to Debtor**<br>**VIA ECF** | *U.S. Trustee*<br>Office of the United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street<br>Suite 320<br>Philadelphia, PA 19107<br>**U.S. Trustee**<br>**VIA ECF** |

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**SHEILA MUHAMMAD**<br>    Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST**<br>    Movant<br><br>v.<br><br>**SHEILA MUHAMMAD**<br>    Respondent | CHAPTER 13<br><br>CASE NO.: 23-10334-mdc<br><br>HEARING DATE: 10/26/2023<br><br>HEARING TIME: 9:30am<br><br>LOCATION: Courtroom #2 |

**CERTIFICATE OF SERVICE OF OBJECTION TO CONFIRMATION OF THE DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN**

I certify under penalty of perjury that I served or caused to be served the above-captioned pleading, Objection to Confirmation of the Debtor's Chapter 13 Plan, on the parties below via First-Class Mail and Electronic Notification on October 23, 2023.

| | |
|---|---|
| **Sheila Muhammad**<br>7109 Phoebe Place<br>Philadelphia, PA 19153<br>**Debtor**<br>**VIA REGULAR MAIL** | Kenneth E. West<br>Office of the Chapter 13 Standing Trustee<br>1234 Market Street – Suite 1813<br>Philadelphia, PA 19107<br>**Chapter 13 Trustee**<br>**VIA ECF** |
| **Michael D. Sayles**<br>Sayles and Associates<br>427 West Cheltenham Avenue, Suite #2<br>Elkins Park, PA 19027-3201<br>**Counsel to Debtor**<br>**VIA ECF** | *U.S. Trustee*<br>Office of the United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street<br>Suite 320<br>Philadelphia, PA 19107<br>**U.S. Trustee**<br>**VIA ECF** |

    Respectfully submitted,

    */s/Angela C. Pattison, Esquire*